IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HANNAH K. HEART,<br><br>    Plaintiffs,<br><br>  vs.<br><br>THE BANK OF NEW YORK MELLON, ET AL.,<br><br>    Defendants. | CIV. NO. 23-00158 LEK-WRP<br><br>FINDINGS AND RECOMMENDATION TO DISMISS THIS ACTION WITHOUT PREJUDICE |

FINDINGS AND RECOMMENDATION TO DISMISS THIS ACTION WITHOUT PREJUDICE

Plaintiff Hannah K. Heart, proceeding pro se, filed her Complaint against various Defendants on April 5, 2023. See Complaint, ECF No. 1. Pursuant to Federal Rules of Civil Procedure (FRCP) Rule 4(m), the deadline to serve Defendants was July 5, 2023. On July 14, 2023, Plaintiff filed a Request for Extension of Time to Serve Defendants, asking for an extension of time to serve Defendants. See ECF No. 9. The Court granted that request and extended by ninety days the time for Plaintiff to serve Defendants until October 3, 2023. See ECF No. 10. On October 19, 2023, the Court noted that the docket did not reflect that Defendants had been served as no proof of service had been filed on the docket. See ECF No. 11. Therefore, the Court ordered Plaintiff to show cause why the case should not be dismissed for failure to prosecute. See id.

On November 9, 2023, Plaintiff filed a response to the order to show cause, stating that she "has adhered to the timelines prescribed by Rule 4(m) for service of the summons and complaint, thereby negating any grounds for dismissal." See Plaintiff's Response, ECF No. 12 at 2.  However, Plaintiff did not state whether she served Defendants, nor did she present any proof that she served Defendants.  See id.  Consequently, the Court directed Plaintiff to file a Status Report by December 1, 2023, explaining when each Defendant was served and attaching proofs of service for each Defendant, reflecting that service was effected by the October 3, 2023 deadline.  See ECF No. 13.  Plaintiff did not file any such Status Report.[1]

To date, Plaintiff has not filed any proof of service, waiver of service, or provided any explanation as to her failure to serve Defendants.

Under Rule 4(m), a plaintiff must serve each defendant within 90 days after a complaint is filed.  See Fed. R. Civ. P. 4(m).  If a defendant is not served within 90 days after the complaint is filed, the court, on motion or on its own after notice to the plaintiff, must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  See id.  Where a plaintiff does not show good cause for failing to timely serve a defendant, the

---

[1] The Court notes summonses were issued on November 29, 2023, further indicating that Plaintiff has not served Defendants.  See ECF Nos. 14-22.

district court has discretion under Rule 4(m) to dismiss without prejudice the claims against that defendant.  See In re Sheehan, 253 F.3d 507, 512-13 (9th Cir. 2001).

To determine whether to dismiss a case for lack of prosecution or failure to comply with a court order, the court must weigh the following five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the availability of less drastic alternatives; and (5) the public policy favoring the disposition of cases on their merits.  See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).

The Court finds these factors weigh in favor of dismissal here notwithstanding the policy favoring disposition of cases on their merits, particularly because the Court warned Plaintiff that she must serve in accordance with Rule 4(m) and that the failure to do so could result in dismissal of this action. Accordingly, the Court FINDS AND RECOMMENDS that this case be dismissed without prejudice for failure to serve Defendants.[2]

---

[2] Within fourteen days after a party is served with the Findings and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), a party may file written objections in the United States District Court.  A party must file any objections within the fourteen-day period to preserve appellate review of the Findings and Recommendation.

3

CONCLUSION

For the reasons stated herein, the Court FINDS AND RECOMMENDS that this action be DISMISSED without prejudice.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, December 5, 2023.



Wes Reber Porter
United States Magistrate Judge

Heart v. The Bank of New York Mellon, et al.; CIVIL NO. 23-00158 LEK-WRP; FINDINGS AND RECOMMENDATION TO DISMISS THIS ACTION WITHOUT PREJUDICE.