UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| HANNAH K. HEART,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>BANK OF NEW YORK MELLON, THE, AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF THE CWALT, INC., ALTERNATIVE LOAN TRUST 2006-OA21, MORTGAGE PASSTHROUGH CERTIFICATES, SERIES 2006-OA21; SHELLPOINT MORTGAGE,  BANK OF AMERICA,  ENVISION LENDING GROUP,  FIRST MAGNUS FINANCIAL CORP.,  MORTGAGE CONNECTIONS INC.,  SELECT PORTFOLIO SERVICE, MR. COOPER,  MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., DOES 1-100, INCLUSIVE,<br><br>　　　　　Defendants. | CIV. NO. 23-00158 LEK-WRP |

**ORDER: GRANTING PLAINTIFF'S OBJECTIONS, AS SUPPLEMENTED, TO THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO DISMISS THIS ACTION WITHOUT PREJUDICE; REJECTING THE F&R; AND DIRECTING THE MAGISTRATE JUDGE TO RECONSIDER PLAINTIFF'S RULE 55 MOTION FOR DEFAULT**

　　　　Pro se Plaintiff Hannah K. Heart ("Heart") filed her Complaint on April 5, 2023. [Dkt. no. 1.] On December 5, 2023, the magistrate judge issued the Findings and Recommendation to Dismiss this Action Without Prejudice ("F&R"). [Dkt. no. 23.[1]] The F&R recommends that the Complaint be dismissed without

---

[1] The F&R is also available at 2023 WL 9196695.

prejudice because Heart failed to complete service on the defendants within the period specified in Federal Rule of Civil Procedure 4(m). [Id. at 3.] On December 18, 2023, Heart filed a "status report" responding to the F&R. [Dkt. no. 24.] Because Heart is proceeding pro se, her filings must be liberally construed. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). Heart's status report is therefore liberally construed as her objections to the F&R ("Objections"). See Local Rule LR74.1(a). On February 2, 2024, Heart also filed a response to the F&R, [dkt. no. 28,] which is liberally construed as a supplement to Heart's Objections ("Objections Supplement"). The Court has considered the Objections, as supplemented, as a non-hearing matter pursuant to Local Rule 7.1(d). For the reasons set forth below, Heart's Objections, as supplemented, are hereby granted and the F&R is rejected. In addition, this Court directs the magistrate judge to reconsider the denial of Plaintiff's Rule 55 Motion for Default, [filed 1/22/24 (dkt. no. 26),] in light of the instant Order.

## BACKGROUND

According to the Complaint, on December 20, 2005, Heart "entered into a consumer credit transaction . . . with [Defendant] First Magnus Financial Corporation" ("First Magnus"), which sold the transaction to another one of the defendants. [Complaint at ¶ 22.] Heart denies receiving this

2

loan. [Id. at ¶ 21.] The transaction included an instrument securing a $1,000,00 promissory note. [Id. at ¶¶ 24, 26; id., Exh. B (Mortgage between Heart as the borrower and First Magnus as the lender).] Heart asserts "[t]he security interest was not created to finance the acquisition of [her] home." [Complaint at ¶ 25.]

Heart makes similar allegations regarding an October 26, 2005 home equity line of credit consumer credit transaction with Defendant Mortgage Connections Inc. ("Mortgage Connections") that was to close simultaneously with the First Magnus transaction. [Id. at ¶¶ 28-34.] She also makes similar allegations regarding a December 1, 2006 consumer credit transaction with Countrywide Bank, N.A. ("Countrywide") that was to be a refinancing of the First Mangus and Mortgage Connections transactions.[2] Heart alleges that loan was originated by Defendant Envision Lending Group ("Envision"), and it was usurious loan. [Id. at pgs. 12-13.] Heart asserts a claim for declaratory relief, a claim for injunctive relief, and various state law and federal law claims. [Id. at pgs. 16-33.]

Federal Rule of Civil Procedure 4(m) required Heart to effect service upon the defendants within ninety days after the

---

[2] Heart alleges Countrywide is now known as Bank of America, which she has named as a defendant in this action. See Complaint at pg. 2.

3

filing of the Complaint. On July 6, 2023, the magistrate judge issued an entering order noting that the time to make service had passed and directing Heart to file a status report. [Dkt. no. 8.] On July 14, 2023, Heart filed a Request for Extension of Time to Serve Defendants. [Dkt. no. 9.] On July 17, 2023, the magistrate judge issued an entering order granting Heart's request and extending the service deadline to October 3, 2023. [Dkt. no. 10.]

On October 19, 2023, the magistrate judge issued an entering order noting that the extended service deadline had passed and ordering Heart to show good cause why the case should not be dismissed ("OSC"). [Dkt. no. 11.] Heart filed a response to the OSC on November 9, 2023 ("OSC Response"). [Dkt. no. 12.] On November 13, 2023, the magistrate judge filed an entering order directing Heart "to file a Status Report by 12/1/2023, explaining when each Defendant was served and attaching proofs of service for each Defendant, reflecting that service was effected by the 10/3/2023 deadline." [Dkt. no. 13.] The magistrate judge issued the F&R after Heart failed to file a status report by December 1, 2023.

The Objections argue Heart did not make timely service on the defendants because the Clerk's Office did not return the summons to her until November 29, 2023, and she argues that delay was beyond her control. [Objections at 1, § II.] She also

attaches: a Proof of Service for each defendant, indicating the mailing of each summons on December 14, 2024; [id. at PageID.110-18;] and mailing documentation, [id. at PageID.119-21]. Heart's Objections Supplement points out that her OSC Response noted that she submitted the summons to the Clerk's Office on September 12, 2023. See Objections Supplement at 2. Heart argues she has been diligently pursuing this action, and the delay in completing service was caused by the delay in issuing the summons, which she was depending upon district court staff to do. [Id. at 2-3.]

## DISCUSSION

> When a party objects to a magistrate judge's findings or recommendations, the district court must review de novo those portions to which the objections are made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo **if objection is made**, but not otherwise."). Under a de novo standard, there is no deference to the lower court's ruling; rather, the Court "freely consider[s] the matter anew, as if no decision had been rendered below." Dawson v. Marshall, 561 F.3d 930, 933 (9th Cir. 2009) (alteration in original) (quotations omitted); Freeman v. DirecTV, Inc., 457 F.3d 1001, 1004 (9th Cir. 2006).

Bank of Haw. v. Plimpton, CIVIL NO. 22-00220 JAO-WRP, 2022 WL 17039239, at *1 (D. Hawai`i Nov. 17, 2022) (alterations and emphasis in Bank of Haw.).

5

Heart's OSC Response noted that she submitted the summons to the Clerk's Office on September 12, 2023. [OSC Response at 1, § II.] It also stated that she "has proactively provided additional copies of the summons for the Clerk's signature and seal." [Id. at 2, § V.] The summonses were issued on November 29, 2023. See dkt. nos. 14 to 22. Heart attempted service approximately two weeks after the summonses were issued. See Objections at PageID.110-18.

In light of Heart's attempt to submit the summons in September 2023, her attempt to call the September 2023 submission to the magistrate judge's attention in the OSC Response, and the eventual issuance of the summonses in November 29, 2023, this Court finds that there is good cause for Heart's failure to serve the summonses by the October 3, 2023 deadline. See Fed. R. Civ. P. 4(m) (stating that, "if the plaintiff shows good cause for the failure [to make service by the deadline], the court must extend the time for service for an appropriate period").

This Court does not condone Heart's failure to respond to the magistrate judge's November 13, 2023 entering order, which directed her to file a status report by December 1, 2023. Although Heart would not have been able to attach the Proof of Service documents that she attached to the Objections, she could have filed a status report by the December 1, 2023 deadline,

6

noting the issuance of the summons on November 29, 2023 and stating that she intended to make prompt service.

However, in light of Plaintiff's pro se status and the requirement that "the court **must** extend the time for service" if a plaintiff establishes good cause for the failure to make service, Fed. R. Civ. P. 4(m) (emphasis added), this Court rejects the F&R and extends the service deadline to December 14, 2023. In other words, if the service reflected in any Proof of Service attached to Heart's Objections is effective, it constitutes timely service.

On January 22, 2024, Heart filed Plaintiff's Rule 55 Motion for Default ("Rule 55 Motion"). [Dkt. no. 26.] The magistrate judge denied the Rule 55 Motion without prejudice, based on the F&R. [EO, filed 1/25/24 (dkt. no. 27).] Because this Court has rejected the F&R, this Court directs the magistrate judge to reconsider the denial of Heart's Rule 55 Motion.

## CONCLUSION

For the foregoing reasons, Heart's December 18, 2023 objections to the magistrate judge's Findings and Recommendation to Dismiss this Action Without Prejudice, filed December 5, 2023, are HEREBY GRANTED, and the magistrate judge's F&R is REJECTED. In addition, the magistrate judge is DIRECTED to

reconsider the ruling on Plaintiff's Rule 55 Motion for Default, filed December 22, 2024.

  IT IS SO ORDERED.

  DATED AT HONOLULU, HAWAII, February 27, 2024.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**HANNAH K. HEART V. BANK OF NEW YORK MELLON, ET AL; CV 23-00158 LEK-WRP; ORDER: GRANTING PLAINTIFF'S OBJECTIONS, AS SUPPLEMENTED, TO THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO DISMISS THIS ACTION WITHOUT PREJUDICE; REJECTING THE F&R; AND DIRECTING THE MAGISTRATE JUDGE TO RECONSIDER PLAINTIFF'S RULE 55 MOTION FOR DEFAULT**